# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## ECHOLS V. CITY OF BRISTOL.

### JULY 13th, 1893.

RAILROAD COMPANIES—*Municipal subscriptions—Conditions precedent—Case at bar.*—City of Bristol is authorized by statute to subscribe and issue its bond for $25,000 to the S. A. & O. railroad company; provided said statute shall not be in force until the company subscribed a certain sum to a furnace company. The railroad company merely procured a transfer to itself from the V. T. & C. railroad company of $25,000 of stock in the furnace company; on which stock the S. A. & O. railroad company, being insolvent, did not even pay the assessments.

HELD:

> The subscription of the said sum by the S. A. & O. railroad company to the furnace company was a condition precedent to the issue of the bonds of the city, with which such transfer was no compliance.

Appeal from decree of circuit court of Washington county, rendered February 27, 1893, in vacation, in a chancery cause wherein A. B. Echols & als. were complainants and the City of Bristol & als. were defendants. The object of the suit was to enjoin the delivery of the bonds of the city to the South Atlantic and Ohio railroad company. The circuit court dissolved the injunction and decreed that the bonds be delivered to the said railroad company. From this decree the complainants appealed. Opinion states the case.

*Fulkerson, Page & Hurt*, for appellants.

*J. B. Richmond*, for appellees.

HINTON, J., delivered the opinion of the court.

The sole question to be determined in this cause is whether the South Atlantic and Ohio Railroad Company has complied with the conditions imposed by the act of the general assembly approved February 14, 1888, and so became entitled to the twenty-five thousand dollars of bonds of the city of Bristol, payable to the South Atlantic and Ohio Railroad Company, issued by the said city in payment of her subscription to the said railroad company and now held in escrow by the Dominion National Bank. The act of February 14, 1888, which amends an act of the same general purpose, approved May 24, 1887, authorizes the city of Bristol to make the subscription of twenty-five thousand dollars of its bonds upon the following conditions: Provided that none of the provisions of this act shall become in force until the said railroad company shall have *subscribed* an amount equal to the face value of said bonds, namely, twenty-five thousand dollars, to the capital stock of a company which shall have erected a blast furnace of not less than fifty tons daily capacity, and have the same in operation, &c., &c. The decree of the circuit court holds that this condition, which is manifestly a condition precedent, has been complied with, dissolves the injunction which had been awarded on the 10th day of September, 1891, restraining the Dominion National Bank from delivering said bonds, and orders that the same be delivered to the receivers, John C. Harskell and D. H. Conklin.

In thus deciding, the court manifestly erred. For the record shows beyond all doubt that there never has been any subscription to the furnace company by the South Atlantic and Ohio Railroad Company, but, on the contrary, that there has been nothing more than a transfer of $25,000 of stock of a furnace company from the Virginia, Tennessee and Carolina Steel and Iron Company to the South Atlantic and Ohio railroad, and that the latter company did not even pay the assess-

ments on this stock, but that the same was paid by the said V. T. & C. Co., the South Atlantic and Ohio railroad being insolvent. This obviously could only make the South Atlantic and Ohio railroad a stockholder, if the transaction itself can be upheld, as to which we express no opinion, but could in no sense make it a subscriber.

This point being decisive of the case, it is only necessary to say that the decree must be reversed, the bonds be delivered up to the city of Bristol to be cancelled, and the injunction must be perpetuated.

DECREE REVERSED.